**SACRAMENTO BROADCASTERS, Inc., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**
**KCRA, Inc., Intervenor.**

No. 12854.

United States Court of Appeals
District of Columbia Circuit.

Argued April 4, 1956.

Decided June 14, 1956.

Petition for Rehearing Denied
Aug. 13, 1956.

---

Mr. Jack P. Blume, New York City, with whom Mr. Peter Shuebruk, New York City, was on the brief, for appellant.

Mr. Henry Geller, Counsel, Federal Communications Commission, with whom

Messrs. Warren E. Baker, General Counsel, Federal Communications Commission, and Richard A. Solomon, Asst. General Counsel, Federal Communications Commission, were on the brief, for appellee. Mr. J. Smith Henley, Asst. General Counsel, Federal Communications Commission, also entered an appearance for appellee.

Messrs. Philip G. Loucks, Joseph F. Zias and Verne R. Young, Washington, D. C., were on the brief for intervenor. Mr. Maurice M. Jansky, Washington, D. C., also entered an appearance for intervenor.

Before BAZELON, FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

Sacramento Broadcasters, Inc., appellant, and KCRA, Inc., intervenor, filed mutually exclusive applications with the Federal Communications Commission for a permit to construct a new television station to be operated on Channel 3 in Sacramento, California. The application of KCRA was granted and that of Broadcasters was denied. The latter's petition for rehearing and reconsideration was also denied. It appeals to this court under section 402(b) (1) of the Communications Act, 48 Stat. 1093 (1934), as amended, 47 U.S.C. § 402(b) (1) (1952), 47 U.S.C.A. § 402(b) (1), and section 10 of the Administrative Procedure Act, 60 Stat. 243 (1946), 5 U.S.C. § 1009 (1952), 5 U.S.C.A. § 1009.

Testimony was taken before an Examiner at hearings in which the parties and the Commission's Broadcast Bureau participated as fully as each thought best. The Examiner decided in favor of KCRA, and when the case in due course came on before the Commission the same result was reached. The decision of the Commission contains a full analysis and discussion of the qualifications, both minimal and comparative, of the two applicants, covering, *inter alia*, technical or engineering matters, composition of the applicants, past records, radio background of principals, programming proposals, program policies, staffing, integration of ownership and management, and financial qualifications. Each applicant was found to be unusually well qualified for grant of a construction permit. Not only so, but neither was found to be superior to the other in any of the areas of comparison except one.[1] After commenting on the remarkable evenness of the applicants, the Commission concluded, "The sole significant difference between the applicants is seen to lie in their past broadcast records," where KCRA was found to have a "slight (though a definite and significant * * *)" margin of superiority. The Commission regarded this factor as "the most critical or determinative one in resolving the important question of likelihood of effectuation of promises or commitments." The preference was awarded KCRA on the basis of Broadcasters' " 'spotty' (albeit satisfactory in an overall sense) record of promise as against performance" in its past broadcasting activities and the absence of evidence of any such deficiencies in KCRA's record. This characterization of Broadcasters' record was grounded upon findings that in certain respects Broadcasters had not carried out promises it had made with regard to broadcasting in prior applications to the Commission.

Broadcasters challenges the sufficiency of the evidence to support certain findings of the Commission, including the adverse finding on Broadcasters' past broadcast record and several findings as to KCRA's qualifications. The evidence, however, is not so insubstantial as to lead us as a reviewing court to hold that the findings lack legal support. Broadcasters further contends that the evidence of record demonstrates the Commission "must have employed different standards of decisional significance" in weighing the differences between the applicants. But this attack also goes

---

[1]. The Commission also in its original decision gave a very slight preference to KCRA due to Broadcasters' violation of its liquor advertising policies, but abandoned this position upon reconsideration of the point.

to the Commission's judgment on questions within its competence, and we do not find that judgment to have been exercised in this case in an arbitrary manner. Related to this argument is Broadcasters' contention that the Commission should have weighed all the differences in favor of Broadcasters against all the differences in favor of KCRA, rather than disposing of them one at a time by finding each difference too insubstantial to justify the award of a preference. The answer is that the Commission found that the distinctions between the two applicants in the areas to which Broadcasters refers are such as not to provide a basis for favoring either party. A determination that a particular type of factual difference is not significant for purposes of awarding a preference is within the Commission's discretion, and we cannot say on the facts of this case that its discretion was abused.

Our decision, therefore, turns upon whether the Commission erred in awarding KCRA the decisive preference upon the basis of a "spotty" record of promise as against performance on the part of Broadcasters and the absence of any evidence of defects in KCRA's past broadcast record. This was the basis of the Commission's initial decision and was adhered to when the Commission again analyzed the situation in its Memorandum Opinion accompanying its order denying the petition for reconsideration. Broadcasters' attack upon this ultimate ground of decision is that the Commission departed from proper decisional standards in arriving at the preference. Broadcasters says, more precisely, that while there was evidence of some failures on its own part to perform as promised during past operations of its radio station there was no evidence that KCRA had a better record in its comparable past radio operations. This is true. The Commission gave the preference to KCRA without evidence of a better KCRA record of performance. It relied rather upon the absence of evidence of any failure on KCRA's part and the presence of evidence of some failure on the part of Broadcasters. The Commission

supported this reliance by reference to our decision in *Johnston Broadcasting Co. v. Federal Communications Commission*, 85 U.S.App.D.C. 40, 46-47, 175 F.2d 351, 357-358, where this court said of comparative hearings:

"* * * The applicants are hostile, and their respective interests depend not only upon their own virtues but upon the relative shortcomings of their adversaries. We think, therefore, that the Commission is entitled to assume that in such a proceeding the record of the testimony will contain reference to all the facts in respect to which a difference between the parties exists, and that the parties will urge, each in his own behalf, the substantial points of preference. The Commission need not inquire, on its own behalf, into possible differences between the applicants which are not suggested by any party, although in its discretion it may do so.

"* * * It is only common sense to assume that adversaries with substantial interests at stake will overlook no advantage to be found in an opponent's weaknesses."

In other words the Commission says that since the facts regarding Broadcasters developed by the Broadcast Bureau showed its record of promise against performance to be spotty though satisfactory and no facts of an unsatisfactory character were developed either by the Bureau or by Broadcasters with respect to KCRA, it was justified in concluding that the latter's record in this respect was better and entitled it to the decisive preference, all else being equal. Broadcasters counters that neither applicant claimed a preference in this regard and the subject was not one for it to probe at the hearing.

The problem thus posed is a difficult one for the reviewing court. Care must be exercised to avoid making such important decisions as here faced the Commission upon the basis of assumptions rather than upon the evidence. The statute itself creates no factual pre-

sumption by any of its provisions. The evidence on the basis of which an award is made in the public interest to one and not to the other of competing applicants should be developed upon the record. We do not interpret Johnston to permit a departure from this method of decision. The assumption on which the Commission relied in the case now before us was not actually one of fact regarding intervenor but rather that the parties had developed the pertinent facts and had placed the Commission in a position to decide between the applicants on the record made. On the record KCRA, in the judgment of the Commission, was in a better relative position on the whole, and it was assumed that the relevant and available evidence had been adduced. The question is whether such a decisional procedure, which we conceive to be all that Johnston permits, is unfair. We think this question cannot be answered in the abstract for all cases. For example, should the Commission when it considers a record pick out as the basis for decision some phase of the evidence which a party had no reason to think was important or was to be considered by the Commission on any issue, or should a party be lulled into security respecting a subject which the Commission unexpectedly makes decisive, or be otherwise surprised, resort could not successfully be had to Johnston. That case gives no blanket approval of a procedure found to be unfair in a particular context. For Commission proceedings are in the public interest and are not contests of wits, with advantage to be taken of an unwitting lapse. A sincere effort to develop the truth respecting the material factors on which the decision turns is required in each case.

Here the subject of promise versus performance on the part of Broadcasters was canvassed at the hearing, particularly by the Broadcast Bureau. KCRA's record in this respect was also explored, though to a lesser degree, during the cross-examination of KCRA's president by Broadcasters' counsel. While neither party, nor the Bureau, submitted proposed findings on the sub-ject, nor specifically objected to their absence from the Examiner's report, the whole record came before the Commission for its consideration. There had been opportunity for Broadcasters to defend and to attack on this ground, with knowledge that its own record had been probed. The Commission decided the case on the evidence in the record as thus made. Johnston was relied upon solely for the assumption that other facts which might have made a difference did not exist. Such an assumption is often made when a factual conclusion is to be reached on a record fairly made in relation to the questions to be decided, as we think was here done.

The case is a trying one, for Broadcasters stood so well before the Commission in comparison with KCRA. One "spotty" place in its overall fine qualifications assumed unusual importance. But this occurred only because the case was so close. And a slight difference may be decisive when greater differences do not exist. Moreover, on the subject of promise versus performance Broadcasters' petition for rehearing did not make out a case of sufficient strength, either in its offer to prove that KCRA's record was not altogether good, or in explaining its failure to advance such a contention at the hearing, to cause denial of the petition to amount to an abuse of discretion. This is so although we think it would have been more satisfactory if the matter had been recanvassed more fully by the Commission.

Affirmed.

BAZELON, Circuit Judge (dissenting).

At the outset of the hearing before the trial examiner, all the parties, including the Broadcast Bureau, "agreed that the program showings of the respective stations, including statistical analyses of logs, would be limited to the year 1952, except that logs for the 1951 composite weeks were to be made available for use in cross-examination." KCRA and Broadcasters did not cross-examine each other as to pre-1952 matters. Counsel for the Broadcast Bureau allowed KCRA

to come and go unscathed, but then cross-examined Broadcasters as to its pre-1952 record. However, neither the applicants nor the Broadcast Bureau requested findings on that issue and the trial examiner made none. Hence there was no reason to expect the Commission to initiate a finding upon that issue and certainly no reason to expect it to attribute decisional importance to such finding. It is plain that both Broadcasters and KCRA considered inconsequential the point seized upon by the Commission as determinative. In these circumstances, I cannot read Johnston as holding that Broadcasters would have used its ammunition against KCRA if it had any.

I am therefore of the view that the Commission abused its discretion in denying the request of Broadcasters, in its petition for rehearing, to "remand the case for further hearing, so that it will have evidence before it concerning KCRA's record on promise versus performance."[1]

I would set aside the order under review and remand the case to the Commission for further hearings and reconsideration.

---

1. Although the reasons advanced for the remand in the petition for rehearing were less specific than could be desired, I am persuaded that they were sufficient in the circumstances of this case.